UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBIN ANTHONY THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-cv-815-NAB |
| ST. LOUIS COUNTY JUSTICE CENTER, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Robin Anthony Thomas's motion for leave to proceed *in forma pauperis*. (Docket No. 2). Having reviewed the financial information plaintiff submitted in support, the Court determines that he is unable to pay the full amount of the filing fee. The motion will therefore be granted. In addition, for the reasons explained below, the complaint will be dismissed.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and an inmate account statement showing an average monthly balance of $36.86. The Court will therefore assess an initial partial filing fee of $7.37, twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), this Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se*

2

complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He alleges as follows. He was incarcerated at the St. Louis County Justice Center ("Justice Center") from November 13, 2012 through September 10, 2014. On September 5, 2014, he was sentenced to a ten year term of imprisonment, and he began preparing to be transferred to the Missouri Department of Corrections (MODOC) facility in which he would serve his term. Plaintiff met with defendant Christine Hattler to designate a person who would be authorized to receive his personal property that was being held in the Justice Center property room. This personal property consisted of a MasterCard bank card/debit card ("bank card"). Hattler gave plaintiff a property release form and plaintiff completed it, designating one Michael Roberts as the person authorized to receive the bank card. Hattler entered this information into the computer system, and allowed plaintiff to verify that it was correctly entered.

Plaintiff was transferred to MODOC on September 10, 2014. On that day, defendant Jane Doe was in charge of releasing the personal property of Justice Center inmates. She "unlawfully, negligently and/or deliberately released my personal property (bank card) to the unauthorized individual, Lionel Hardy." (Docket No. 1 at 14). Plaintiff alleges that Doe failed to follow the correct protocol and procedure when releasing the bank card. On or about September 11, 2014, Hardy fraudulently used the bank card to make purchases.

Plaintiff claims that he spent several months, beginning in November of 2016, "trying to gather information regarding this matter." (*Id.* at 14). In June of 2016, plaintiff contacted

3

defendant Gene Fitzgerald, a case worker, to inquire about the release of his bank card to Hardy. Fitzgerald verified that the bank card should not have been released to Hardy, but "deliberately ignored" plaintiff's request for computer data and copies of all of the documents related to the release of the bank card. (*Id.* at 18). Plaintiff also called Judy Lang to request the name of the officer who released the bank card to Hardy, but Lang did not return his calls, and she spoke rudely to a MODOC caseworker who called her on plaintiff's behalf.

Plaintiff claims he suffered the loss of money from his account, as well as psychological stress. As relief, plaintiff seeks a total of $3,000,000.00 in compensation for the funds fraudulently taken from his account and for emotional injury. He also seeks equitable relief.

**Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Depriving a prisoner of his property may implicate the Due Process Clause and form the basis for a § 1983 action. Here, plaintiff alternately claims that Doe intentionally and negligently released the bank card to Hardy. Plaintiff's claim that Doe intentionally released the bank card does not establish a violation of the Due Process Clause because the state of Missouri provides an adequate post-deprivation remedy, including an action for conversion, and plaintiff does not allege that such remedies were inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 531-21 (1984) (If the deprivation of property by prison officials is intentional and the state provides an adequate post-deprivation remedy, there is no Due Process violation). To the extent plaintiff alleges Doe negligently released the property to Hardy, his claim simply fails to implicate the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (the "Due Process

4

Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property") (emphasis in original). Because plaintiff does not establish the violation of a right secured by the Constitution or laws of the United States, he fails to state a claim under § 1983.

Plaintiff also alleges that Doe violated Justice Center prison policy/regulations when she released the bank card to Hardy. However, because plaintiff had no federal constitutional liberty interest in having Doe follow Justice Center regulations, these allegations fail to state a claim under § 1983. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Plaintiff also alleges that Fitzgerald and Lang ignored his repeated messages and requests for information, and that Lang was rude when speaking to a caseworker on the telephone. These allegations also fail to state claims of constitutional dimension.

Even if plaintiff had stated claims of constitutional dimension, the complaint would be subject to dismissal as legally frivolous. Plaintiff's claims against the St. Louis County Justice Center would be legally frivolous because jails and local government detention centers are not suable entities. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *see also Ballard v. Missouri*, No. 4:13CV528 JAR, 2013 WL 1720966, at *3 (E.D. Mo. April 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities"); *Wallace v. St. Louis City Justice Ctr.*, No. 4:12CV2291 JAR, 2013 WL 3773971, at *2 (E.D. Mo. July 17,

5

2013) (dismissing claims against the St. Louis City Justice Center because it is not a suable entity).

Regarding defendants Hattler, Fitzgerald, Lang and Doe, the complaint fails to specify the capacity in which they are being sued, and this Court must therefore interpret the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits brought directly against the public entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). Because the complaint contains no such allegations, it fails to state a claim upon which relief can be granted against the individual defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $7.37 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

6

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 5) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of April, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE